UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT VIEAU,

    Petitioner,                          Case No. 5:08-CV-10370
                                           Hon. John Corbett O'Meara

LINDA M. METRISH,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DKT. 16), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Robert Vieau filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the petition on August 13, 2009, due to Petitioner's failure to comply with the one-year statute of limitations under 28 U.S.C. § 2244(d). This matter is now before the Court on Petitioner's motion for relief from judgment brought under Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b)(6) may be used to relieve a party from judgment only in extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F. 3d 465, 468 (6th Cir. 2007). The Sixth Circuit has stated that: "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present. The something more . . . must include unusual and extreme situations where principles of equity mandate relief." *Id*. (internal citations and quotations omitted). Petitioner's arguments do not demonstrate that an unusual or extreme situation exists that warrants relief from judgment.

Petitioner alleges that the Court rejected his claim of actual innocence to excuse the untimeliness of his petition on the grounds that Petitioner was not diligent in discovering the new evidence supporting his claim. He asserts that the Supreme Court removed the diligence requirement in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). This argument does not established sufficient grounds for relief from judgment.

While the Court did note that Petitioner was not diligent in his efforts, it also found that the proffered evidence of actual innocence did not demonstrate that Petitioner demonstrated that he was actually innocent–despite the lack of diligence:

> Petitioner claims that although he shot Gary Williams three times, he is actually innocent of first-degree murder because it was a pulmonary embolism which caused decedent's death. Petitioner in this case has presented no new reliable evidence to establish that he was actually innocent of the crimes charged. Although the evidentiary hearing testimony of Drs. Spitz and Failer may be "new," and not offered as evidence at Petitioner's 1987 trial, the factual underpinnings and substance of their testimony was in fact offered, raised, inquired about, and disputed by other experts
> during his 1987 trial through the testimony of Dr. Webster. Furthermore, Petitioner has not advanced any argument that equitable tolling otherwise should apply in this case. Having not met the burden under Souter, Petitioner cannot avoid dismissal on timeliness grounds. Therefore, equitable tolling is not appropriate here and cannot save the habeas petition from being time-barred.

ECF No. 11, pp. 12-13.

Accordingly, nothing in Petitioner's motion alters the analysis of the Court's dispositive order or demonstrates entitlement to relief from judgment. The motion will therefore be denied.

Finally, a certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion for relief from judgment. *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). "A [certificate of appealability] may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. §

2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review." *Id.* at 339 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).  Reasonable jurists would not conclude that the issues raised here deserve further review.  Therefore, a certificate of appealability is denied. The Court will also deny permission to appeal in forma pauperis because any appeal of this order would be frivolous.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Petitioner's Motion for Relief From Judgment [Dkt. # 16] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis is **DENIED.**

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  January 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 30, 2015, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager